IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHILLEATRA GAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | 1:15-CV-0225-RWS-JCF |
| OWEN SMITH, Circuit Librarian, U.S. Court of Appeals for the Sixth Circuit; CLARENCE MADDOX, Circuit Executive, U.S. Court of Appeals for the Sixth Circuit; MEGAN LYNESS, Federal Property Manager, U.S. General Services Administration; CLIFFORD L. MOSLEY Representative, Environmental Health Services, | : | |
| Defendants. | : | |

**<u>ORDER</u>**

Presently pending before the Court is Defendants' Motion to Dismiss. (Doc. 5). After reviewing the parties' initial briefs, the Court requested supplemental briefing on the issue of whether venue is proper in the Northern District of Georgia. (Doc. 11). After reviewing the supplemental briefs of each party, the undersigned has determined venue is not proper in this district. In the interest of justice, the Court **DIRECTS** the Clerk to transfer this case to the Chattanooga Division of the Eastern District of Tennessee.[1]

---

[1] Federal courts have determined that a transfer order is not a dispositive ruling that may be entered only by a district judge. *See Amati Envtl. Enters., Inc. v.*

1

**Background**

Plaintiff brought this action in the Northern District of Georgia, Atlanta Division on January 23, 2015 asserting various causes of action resulting from her employment with the U.S. Court of Appeals for the Sixth Circuit.  (*See* Doc. 1). On April 15, 2015, Defendants moved to dismiss the case for failure to state claim upon which relief can be granted and for lack of subject matter jurisdiction.  (Doc. 5).  In their brief, Defendants indicated that, even if a claim had been stated, "Plaintiff has not set forth any allegation of venue that would make the Northern District of Georgia the proper place to bring her" claim.  (Doc. 5 at 6 n.1).  On June 25, 2015, the undersigned directed the parties to brief the venue issue.  (Doc. 11).  Defendants filed their brief in response to the Court's order on June 25, 2015.  (Doc. 12).  Plaintiff filed her brief on July 6, 2015.  (Doc. 13).  The Court will now address the issue of whether venue is proper in this District.

In her complaint, Plaintiff, who is proceeding *pro se*, alleges that Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights

---

*Westchester Fire Ins. Co.*, No. 08-780, 2009 WL 89215, at *1 n.1 (W.D. Pa. Jan. 8, 2009) (observing that a transfer is not a decision on the merits); *White Mop Wringer Co. of Canada Ltd. v. BT Capital Partners, Inc.*, No. 95-CV-565, 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997) ("Transfer is a nondispositive matter[.]").  As a result, the undersigned magistrate judge may issue an order transferring this case, and although there is no motion for transfer pending, may do so *sua sponte*.  See *Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-CV-2124, 2009 WL 1974413, at *3 (N.D. Ohio July 7, 2009); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001).

Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Sixth Circuit's Personnel Policies.  (Doc. 1 ¶¶ 1, 9).  Plaintiff also appears to allege that Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA").  (*See id.* ¶¶ 8-9, 18).  Plaintiff was employed as Satellite Librarian for the Eastern District of Tennessee from August 16, 2010 until she was terminated on February 25, 2014.  (*Id.* ¶ 5).

## Facts

Plaintiff was employed as a Satellite Librarian for the Eastern District of Tennessee, including Chattanooga, Knoxville, Greeneville and Winchester, based out of the federal courthouse in Chattanooga.  (Doc. 1 ¶ 10).  Plaintiff's supervisor, Defendant Owen Smith, was headquartered in Cincinnati, Ohio and primarily communicated with Plaintiff via email.  (*Id.*).  Smith first visited Chattanooga to meet with Plaintiff on August 17, 2011 and shortly after the working relationship between the two deteriorated.  (*Id.* ¶ 11). Plaintiff filed a grievance against Smith on March 14, 2012 alleging harassment, discrimination, bullying.  (*Id.* ¶ 12).  Through mediation, Plaintiff and Smith resolved their issues, but less than a month later, on July 2, 2012, Smith returned to Chattanooga and terminated Plaintiff's employment.  (*Id.* ¶¶ 13-14).  Plaintiff filed an Employee Dispute Resolution (EDR) Complaint alleging discrimination by Smith and was reinstated on August 28, 2012.  (*Id.* ¶ 15).

Plaintiff alleges that after she was reinstated, Smith significantly reduced her job responsibilities in retaliation for her EDR complaint.  (*Id.* ¶ 17).  Further, following heavy rains that allegedly caused leaks at the courthouse in Chattanooga where she was employed, Plaintiff began experiencing physical symptoms she believed were a result of the working conditions.  (*Id.* ¶ 18).  Plaintiff notified Smith of her symptoms and requested ADA accommodation, specifically that she be allowed to "telework."  (*Id.* ¶ 19).  Plaintiff alleges that Smith trivialized her condition and made no attempt to resolve the issue.  (*Id.* ¶ 20).  Plaintiff suspected that there was mold in the courthouse and filed a complaint with the Occupational Safety and Health Administration (OHSA) on September 9, 2013.  (*Id.* ¶¶ 21-22).  Plaintiff was granted 5 days paid administrative leave while the courthouse was being inspected, however, no evidence of mold was found.  (*Id.* ¶ 23).  On September 27, 2013, Plaintiff was denied ADA accommodation by Defendant Clarence Maddox, the Circuit Executive, as he claimed her duties required physical attendance in Chattanooga.  (*Id.* ¶ 24).  Plaintiff alleges that Smith and Maddox influenced the workplace inspection report of the Chattanooga courthouse in order to cover up instances of mold.  (*Id.* ¶ 27).

On November 22, 2013, Plaintiff was contacted via videoconference and emailed a "Proposal of Adverse Action" that informed her that she was immediately suspended and her employment would be terminated as of December

3, 2013 if she did not appeal. (*Id.* ¶ 33). At that point, Plaintiff's computer was shut down and her door access card was deactivated. (*Id.*).[2] Plaintiff appealed her suspension and a hearing was scheduled for December 9, 2013. (*Id.* ¶ 34). As a convenience to Plaintiff as she resides in Atlanta, Defendants conducted this hearing via videoconference and allowed Plaintiff to attend the hearing at a federal courthouse in Atlanta. (*See* Doc. 12-1 at 3). Defendants Smith and Maddox remotely participated in the videoconference and ultimately informed Plaintiff that she was terminated effective February 25, 2014. (Doc. 1 ¶ 35).

## Discussion

The question presently before the Court is only whether venue in the Northern District of Georgia is proper. "The general federal venue statute for civil actions is 28 U.S.C. § 1391, and courts determine whether venue is proper under this statute 'except as otherwise provided by law.'" *Clemmons v. Animal Care & Control of N.Y.C*, Nos. 1:12-CV-01433-TWT-JFK, 1:12-CV-01433-TWT, 2012 WL 5987862, at *2 (N.D. Ga. Oct. 22, 2012) (quoting 28 U.S.C. § 1391(b)). Title VII, however, provides a more specific venue provision. "[V]enue under Title VII is proper in the following four circumstances: (1) in any district court in a state where the Title VII violation occurred; (2) in the judicial district where the

---

[2] While it is not explicitly stated, it seems clear that this videoconference informing Plaintiff of her suspension and her receipt of the email took place in Chattanooga since that was her primary workplace, is where her computer would be located, and is the building for which she would have a keycard.

employment records that pertain to the Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and (4) in the judicial district where the defendant's principal office is located when none of the previous three conditions exist." *Curry v. Gonzales*, No. 1:05-CV-2710-WSD-AJB, 2006 WL 3191178, at 4* (N.D. Ga. Oct. 31, 2006) (citing 42 U.S.C. § 2000e-5(f)(3)). "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases." *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (unpublished case).  To the extent that Plaintiff is also asserting an ADA claim, "[t]he venue provisions of Title VII . . . apply to claims brought under the ADA." *Mondy v. Claflin Univ.*, No. 8:13-CV-02545-T-27TGM, 2014 WL 62060, at *2 (M.D. Fla. Jan. 7, 2014) (citing *Clemmons,* 2012 WL 5987862, at *2 n.5).

Plaintiff resides in Atlanta, Georgia and she was requesting accommodation to "telework," presumably from Atlanta. (Doc. 1 ¶¶ 3, 19).  Further, Plaintiff was in Atlanta during the appeal hearing videoconference. (*Id.* ¶ 34).  However, all of the underlying allegedly discriminatory conduct took place outside of the Northern District of Georgia.  Plaintiff's lawsuit surrounds her employment as a librarian with the Eastern District of Tennessee, and she was stationed in Chattanooga.  Her supervisor, Defendant Smith, is based in Ohio, but the difficulties Plaintiff

6

experienced with him all apparently took place in Chattanooga. When her employment was first terminated, she learned of it while in Chattanooga. After her reinstatement, she was told of her suspension that would lead to her ultimate termination while she was at work in Chattanooga. And finally, the health concerns she complained about are related to her workplace in Chattanooga.

"The plaintiff has the burden of showing that venue in the forum is proper." *Pinson*, 192 Fed. Appx. at 817. While Plaintiff has alleged that her appeal teleconference took place in Atlanta, that was merely out of convenience for Plaintiff (who participated in Atlanta); she had already been informed of her suspension and planned termination while she was in Chattanooga. Therefore, it is clear that Tennessee, not Georgia, is the state where the alleged Title VII violations occurred. Further, the Northern District of Georgia is not the jurisdiction where Plaintiff's employment records are stored. (*See* Doc. 5-2). Finally, Plaintiff argues that venue in the Northern District of Georgia is proper under the third prong of the Title VII venue test, arguing that, had it not been for Defendants failure to accommodate her ADA complaint, she would have been working from Atlanta by telecommunication. (Doc. 13 at 6). The undersigned, however, does not find this assumption compelling. The mere chance that accommodating her claimed disability might have resulted in her working in Atlanta is not enough for Plaintiff to meet her burden that venue is proper in this District.

Therefore, Plaintiff has failed to show that venue is proper in the Northern District of Georgia under any of the first three prongs of the venue statute. Because venue is proper in another district under either of the first two prongs, it is not necessary for the Court to discuss the fourth option.

## CONCLUSION

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff's primary place of employment was Chattanooga, Tennessee, and that is where the alleged Title VII violations occurred, the Clerk is **DIRECTED** to transfer this case to the Chattanooga Division of the United States District Court for the Eastern District of Tennessee for all further proceedings.

**IT IS SO ORDERED** this 16th day of July, 2015.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge